Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Merck Sharp & Dohme Corp., Cubist Pharmaceuticals LLC,*
*Optimer Pharmaceuticals LLC, MSD Investment Holdings (Ireland),*
*and MSD International GmbH*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCK SHARP & DOHME CORP., CUBIST PHARMACEUTICALS LLC, OPTIMER PHARMACEUTICALS LLC, MSD INVESTMENT HOLDINGS (IRELAND), and MSD INTERNATIONAL GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES FL, INC., <br><br> Defendant. | Civil Action No. 15-6541 (CCC)(MF) <br> Civil Action No. 20-534 (CCC)(MF) <br> (consolidated) <br><br> (Filed Electronically) |

I, Sarah A. Sullivan, hereby certify as follows:

1.     I am a partner at the law firm of Saul Ewing Arnstein & Lehr LLP, counsel of

record for Plaintiffs Merck Sharp & Dohme Corp., Cubist Pharmaceuticals LLC, Optimer

Pharmaceuticals LLC, MSD Investment Holdings (Ireland), and MSD International GmbH

(collectively, "Plaintiffs") in the above-captioned consolidated action.  I am a member in good

standing of the bar of this Court.  I am fully familiar with the facts herein, and I make this

Declaration in support of Plaintiffs' and Defendant's joint Motion to Seal.  Specifically,

- 1 -

Plaintiffs seek to seal certain portions of (1) Plaintiffs' exhibits associated with Brief In Support of *Daubert* Motion to Exclude Expert Witnesses (D.I. 162); (2) Defendant's Brief in Opposition to Plaintiffs' *Daubert* Motion to Exclude Expert Witnesses and exhibits in support of same (D.I. 167); and (3) Plaintiffs' Reply in Support of *Daubert* Motion to Exclude Expert Witnesses and exhibits in support of same (D.I. 174) ("Plaintiffs' Confidential Materials").

2.      In support of the Motion to Seal, attached to this Declaration is an index identifying Plaintiffs' Confidential Materials that Plaintiffs seek to seal and describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party (or nonparty) known to be objecting to the sealing request.

3.      This is a patent dispute between private parties involving confidential information.  Plaintiffs have a legitimate interest in protecting their confidential information because competitors in the marketplace could use this confidential information to gain an unfair advantage in the highly competitive pharmaceutical marketplace.

4.      On April 1, 2016, this Court entered a Discovery Confidentiality Order ("DCO") (D.I. 49) in this case that allows the parties to designate certain proprietary business or commercial information as "Confidential Information" or "Highly Confidential Information." Plaintiffs' Confidential Materials have been designated by Plaintiffs as "Confidential Information" and/or "Highly Confidential Information."

5.      Plaintiffs' Confidential Materials contain and/or disclose information that has been designated as "Confidential Information" and/or "Highly Confidential Information" in this case.  Plaintiffs' Confidential Materials include confidential proprietary business information

- 2 -

of Plaintiffs or related third parties that is not available to the public or competitors. Specifically, Plaintiffs' Confidential Materials include trade secret and/or highly proprietary and confidential information related to Plaintiffs' research, development, commercial, technical, regulatory, and/or business information regarding its DIFICID® drug products. This information is regarded as highly proprietary and kept confidential and is not otherwise disseminated to the public. There is little, if any, public interest in disclosing Plaintiffs' competitively sensitive proprietary business information.

6.      As such, if this request to seal is not granted, Plaintiffs could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the trade secret and/or confidential proprietary, commercial, and sensitive business information is publicly disclosed in contravention of the terms of the DCO. Disclosure of Plaintiffs' Confidential Materials will cause irreparable harm to Plaintiffs' business relationships and could cause Plaintiffs to lose their competitive advantage in the highly competitive pharmaceutical marketplace. Accordingly, Plaintiffs have: (i) a legitimate interest in protecting this information from disclosure, which warrants the sealing of this information; and (ii) a clearly defined injury if Plaintiffs' Confidential Materials are not sealed.

7.      This request is the least restrictive alternative because Plaintiffs seek to seal only Plaintiffs' Confidential Materials, which contain information designated as "Confidential Information" and/or "Highly Confidential Information" by Plaintiffs. Plaintiffs request sealing only information that will reveal their confidential business interests, including, but not limited to, interests relevant to Plaintiffs' trade secret and/or nonpublic confidential information related to Plaintiffs' research, development, commercial, technical, regulatory, and business information.

8.     Accordingly, Plaintiffs respectfully request that the Court grant the Motion to Seal.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2021                    By:     s/ Sarah A. Sullivan
                                                Sarah A. Sullivan

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **Plaintiffs' exhibits associated with Brief In Support of *Daubert* Motion to Exclude Expert Witnesses (D.I. 162)** | | | | | |
| Exhibit 4 <br> • Page 63 of expert report, from the top of the page until the header titled, "'of a compound having the formula . . .". <br> • Page 82 of expert report, paragraph 248 in its entirety. <br><br> Exhibit 6 <br> • Page 9 of expert report, paragraph 28, line 9, between "a compound," and "is." <br><br> Exhibit 11 <br> • Page 62 of expert report, paragraph 186, line 2, after "strains" until the end of the paragraph. | These documents contain and/or disclose information that has been designated as "Confidential Information" and/or "Highly Confidential Information" in this case ("Plaintiffs' Confidential Materials"). Plaintiffs' Confidential Materials include confidential proprietary business information of Plaintiffs or related third parties that is not available to the public or competitors. Specifically, Plaintiffs' Confidential Materials include trade secret | If this request to seal is not granted, Plaintiffs could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the trade secret and/or confidential proprietary, commercial, and sensitive business information is publicly disclosed in contravention of the terms of the DCO. Disclosure of Plaintiffs' Confidential Materials will cause | This request is the least restrictive alternative because Plaintiffs seek to seal only Plaintiffs' Confidential Materials, which contain information designated as "Confidential Information" and/or "Highly Confidential Information" by Plaintiffs. Plaintiffs request sealing only information that will reveal their confidential business interests, including, but not limited to, interests relevant to Plaintiffs' trade secret and/or nonpublic confidential information related to Plaintiffs' research, development, | N/A | None. |

1

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Exhibit 13<br>• Pages 29-30 of expert report, paragraph 87 in its entirety.<br>• Page 147 of expert report, paragraph 344 in its entirety.<br><br>Exhibit 15<br>• Page 22 of expert report, paragraph 72, line 1, after "compound" until the end of the paragraph.<br>• Page 35 of expert report, paragraph 115 in its entirety.<br>• Page 35 of expert report, paragraph 118, from the beginning until line 2, before "As explained." | and/or highly proprietary and confidential information related to Plaintiffs' research, development, commercial, technical, business, and/or regulatory information regarding its DIFICID® drug products. This information is regarded as highly proprietary and kept confidential and is not otherwise disseminated to the public. There is little, if any, public interest in disclosing Plaintiffs' competitively sensitive proprietary business information. (*See* Sullivan Decl. ¶ 5.) | irreparable harm to Plaintiffs' business relationships and could cause Plaintiffs to lose their competitive advantage in the highly competitive pharmaceutical marketplace. Accordingly, Plaintiffs have: (i) a legitimate interest in protecting this information from disclosure, which warrants the sealing of this information; and (ii) a clearly defined injury if Plaintiffs' Confidential Materials are not sealed. (*See* Sullivan Decl. ¶ 6.) | commercial, technical, regulatory, and business information. (*See* Sullivan Decl. ¶ 7.) | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **Defendant's Brief in Opposition to Plaintiffs' *Daubert* Motion to Exclude Expert Witnesses and exhibits in support of same (D.I. 167)** | | | | | |
| Brief<br>• Table of Contents, Section II(E) header in its entirety.<br>• Page 1, paragraph 1, line 9, between "inventors" and "and in their."<br>• Page 3, paragraph 1, line 16, after "fidaxomicin" until the end of the paragraph.<br>• Page 5, paragraph 2, line 1 until "fidaxomicin."<br>• Page 6, paragraph 1, line 5 until line 6, before "(Ex. 6."<br>• Page 6, paragraph 2, line 2, after "again," until line 3, before "(Ex. 6."<br>• Page 6, paragraph 2, line 5 between "art," and "that."<br>• Page 7, paragraph 2, line 4, after "41:10-42:6.)" until line 5, before "(*Id.* at."<br>• Page 7, paragraph 2, line 6, after "MRKDIF0772152.)" until line 7, before "characterized." | *See above.* | *See above.* | *See above.* | *See above.* | *See above.* |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| <ul><li>Page 7, paragraph 2, last line on the page between "sample" and "is identical."</li><li>Page 8, paragraph 2, line 4, after "31:7.)" until the end of the page.</li><li>Page 9, Section E header in its entirety.</li><li>Page 9, second bullet point in its entirety.</li><li>Page 10, the two full bullets in their entirety.</li><li>Page 10, first full paragraph beneath the bullets, line 2, between "made" and "to the."</li><li>Page 10, first full paragraph beneath the bullets, line 3, after "Office" until line 4, before "and to."</li><li>Page 17, paragraph 1, line 6 before "(*Id.*)"</li><li>Page 18, fourth bullet, line 5, after "same" until the end of the page.</li><li>Page 19, line 1, before "*see also.*"</li></ul> | | | | | |

4

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| • Page 20, paragraph 3, lines 9-10 in their entirety. <br> • Page 22, paragraph 3, line 4, before "Merck has." <br><br> Declaration of Brian J. Nisbet <br> • Page 4, paragraph 28, line 2, between "entitiled" and "bearing." <br> • Page 4, paragraph 29, line 2 between "entitled" and "bearing." <br><br> Exhibit 6 <br> • Page 19 of expert report, paragraph 67, line 4, after "MRKDIF0000059.)" until the end of the paragraph. <br> • Page 37 of expert report, paragraph 118, line 2, after "'174 patent" until the end of the page. <br> • Page 38 of expert report, from the top of the page until the end of paragraph 122. | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| • Page 72 of expert report, paragraph 213 in its entirety. <br> • Page 73 of expert report, paragraph 217, line 8, after "212.)" until line 10, before "I also." <br> • Page 73 of expert report, paragraph 218, line 6, after "MRKDIF0000058.)" until the end of the page. <br> • Page 77 of expert report, line 1 in its entirety. <br> • Page 82 of expert report, section iv. header, line 2, after "by" until line 3, before "among." <br> • Page 82 of expert report, paragraph 248, line 2, after "B." until the end of the paragraph. <br> • Page 83 of expert report, line 2, after "or" until line 3, before "among others," <br> • Page 83 of expert report, paragraph 251, line 5, after "or" until line 6, before "among others." | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| • Page 83 of expert report, paragraph 252, line 5, after "or" until line 6, before "among others," <br> • Page 84 of expert report, line 4, after "or" until line 5, before "among others." <br> • Page 87 of expert report, header 2., line 5 before "among others." <br> • Page 87 of expert report, paragraph 265, line 5 between "or" and "among others." <br> • Page 87 of expert report, header 3., line 5 before "among others." <br> • Page 88 of expert report, line 3, between "or" and "among others." <br> • Page 88 of expert report, header B.(1.), line 5, before "among others." <br> • Page 88 of expert report, paragraph 269, line 4, after "or" until line 5, before "among others." | | | | | |

7

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| <ul><li>Page 89 of expert report, header 2., line 4 after "or" until line 5, before "among others."</li><li>Page 89 of expert report, paragraph 272, line 4, after "or" until line 5, before "among others."</li><li>Page 90 of expert report, header C.(1.), line 5 before "among others."</li><li>Page 90 of expert report, paragraph 275, line 5 between "or" and "among others."</li><li>Page 91 of expert report, header 2., line 4 after "or" until line 5, before "among others."</li><li>Page 91 of expert report, paragraph 278, line 4, after "or" until line 5, before "among others."</li><li>Page 92 of expert report, header 1., line 5 before "among others."</li><li>Page 92 of expert report, paragraph 281, line 5</li></ul> | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| between "or" and "among others."<br>• Page 93 of expert report, line 1 in header 2., after "or" until line 2, before "among others."<br>• Page 93 of expert report, paragraph 284, line 4, after "or" until line 5, before "among others."<br>• Page 93 of expert report, header E.(1.), line 5 before "among others."<br>• Page 94 of expert report, header 2., line 4 after "or" until line 5, before "among others."<br>• Page 94 of expert report, paragraph 290, line 4, after "or."<br>• Page 95 of expert report, line 1 before "among others."<br>• Page 95 of expert report, header F.(1.), line 5 before "among others."<br>• Page 95 of expert report, paragraph 293, line 5 | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| between "or" and "among others."<br>• Page 96 of expert report, header 2., line 4 after "or" until line 5, before "among others."<br>• Page 96 of expert report, paragraph 296, line 4 between "or" and "among others."<br>• Page 98 of expert report, paragraph 304, line 3, after "or" until line 4, before "among others."<br>• Page 99 of expert report, paragraph 305, line 3 between "or" and "among others."<br>• Page 99 of expert report, paragraph 305, line 8, after "or" until line 9, before "among others."<br>• Page 100 of expert report, paragraph 312, line 4 after "or."<br>• Page 101 of expert report, paragraph 313, line 4 | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| between "or" and "among others."<br><br>Exhibit 7<br>• Page 57 of expert report, paragraph 177, line 1 until line 3, before "this."<br>• Page 58 of expert report, paragraph 177, line 2, after "25:14.)" until the end of the paragraph.<br>• Page 62 of expert report, paragraph 186, line 2, after "strains" until the end of the paragraph.<br>• Pages 66-67 of expert report, paragraphs 204-206 in their entirety.<br><br>Exhibit 8<br>• Page 171 of condensed transcript, line 16 through page 172, line 17.<br><br>Exhibit 9<br>• Page 5 of expert report, paragraph 16, line 3 after | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| "fermentations" until the end of the paragraph.<br>• Page 6 of expert report, line 1 before "examples."<br>• Page 6 of expert report, paragraph 17 in its entirety.<br>• Page 7 of expert report, paragraph 19 in its entirety.<br>• Page 7 of expert report, paragraph 20, line 1 after "product' until line 2, before "as Dr."<br>• Page 22 of expert report, paragraph 72, line 1 after "compound" until the end of the paragraph.<br>• Page 32 of expert report, paragraph 106 in its entirety.<br>• Page 34 of expert report, paragraph 112, line 1 after "19S-tiacumicin" until line 2, before "if it."<br>• Page 34 of expert report, paragraph 113, line 2, after "by" until the end of the page. | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| <ul><li>Page 35 of expert report, from the top of the page through paragraph 116.</li><li>Page 35 of expert report, paragraph 118, line 1 until line 2, before "As explained."</li><li>Page 39 of expert report, paragraph 131, line 7, after "variability" until line 10, before "In no way."</li><li>Page 40 of expert report, paragraph 134, line 1 between "that" and "demonstrate."</li><li>Page 40 of expert report, paragraph 135, line 3, after "179.)" until line 6, before the second "The."</li><li>Page 41 of expert report, line 1, after "macrolactone" until the end of the paragraph.</li><li>Page 42 of expert report, line 4, after "employed." through line 6.</li></ul> | | | | | |

13

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| • Page 43 of expert report, paragraph 141, line 1 until line 6, before "This is." <br> • Page 47 of expert report, paragraph 152, line 8, after "yield" until the end of the paragraph. <br><br> Exhibit 10 <br> • Page 147 of expert report, paragraph 344 in its entirety. <br><br> Exhibit 11 <br> • Page 310 of condensed transcript, line 14 until page 313 through line 11. <br><br> Exhibit 18 <br> • Page 3 of expert report, line 1, after "-175" until line 3, before "and also." <br> • Page 7 of expert report, paragraph 23, line 10, after "604)" until line 11, before "that." | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| • Page 9 of expert report, paragraph 28, line 9, between "which' and "is." <br> • Page 10 of expert report, paragraph 28, line 4, after "compound" until line 5, before "is." <br><br> Exhibit 19 <br> • Page 4 of condensed transcript, lines 23-25. <br> • Page 5 of condensed transcript, lines 6-16. <br> • Page 57 of condensed transcript, line 10 through page 61, line 7. <br> • Page 62 of condensed transcript, lines 4-8. <br> • Page 69 of condensed transcript, lines 21-24. <br> • Page 70 of condensed transcript, lines 9-12. <br> • Page 80 of condensed transcript, line 8 through page 85, line 25. <br><br> Exhibit 21 | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| <ul><li>Page 5 of condensed transcript, line 22 through page 6, line 18.</li><li>Page 7 of condensed transcript, lines 9-11 and 22-23.</li><li>Page 21 of condensed transcript, lines 2-13.</li><li>Page 43 of condensed transcript, line 12, through page 49, line 25.</li><li>Page 54 of condensed transcript, line 1 through page 61, line 25.</li><li>Page 94 of condensed transcript, line 1, through page 101, line 25.</li><li>Page 150 of condensed transcript, line 1 through page 153, line 8.</li></ul>Exhibits 26-27, 31-33, and 40<ul><li>Sealed entirely</li></ul>Exhibit 38<ul><li>Page 4, Table 2.1 in its entirety.</li></ul> | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Plaintiffs' Reply in Support of *Daubert* Motion to Exclude Expert Witnesses and exhibits in support of same (D.I. 174) | | | | | |
| Brief<br>• Page 14, footnote 8, line 4, between "from" and "and."<br>• Page 14, footnote 8, line 5, between "sample that" and "provided."<br>• Page 14, footnote 8, line 8, between "from" and "Actavis."<br>• Page 14, footnote 8, line 9, after "that" until line 10, before "Ex. 18."<br>• Page 14, footnote 8, line 15, after "that" until the end of the footnote.<br>• Page 15, line 1, after "regarding" until line 2, before "Opp. at 9-10."<br>• Page 15, line 5, after "explained that" until line 19, before "Thus, while."<br><br>Exhibit 18<br>• Page 29 of expert report, paragraph 87, line 11, after | *See above.* | *See above.* | *See above.* | *See above.* | *See above.* |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| "process" until line 17, before "Additionally." <br>• Page 29 of expert report, paragraph 87, line 17, between "Abbott" and "obtained." <br>• Page 107 of expert report, paragraph 255, line 14 until line 19, before "Thus." <br>• Page 125 of expert report, paragraph 296, line 5, after "overlap" until line 8, before "None." <br>• Page 125 of expert report, paragraph 296, line 11, after "576, 586." <br>• Page 126 of expert report, paragraph 296, line 1 until line 2, before "this empirical." <br>• Page 135 of expert report, paragraph 318, line 1, after "from" through line 4. <br>• Page 135 of expert report, paragraph 318, line 7, between "links" and "to the MEGMAM." | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| <ul><li>Page 135 of expert report, paragraph 318, line 8, after "whether" until line 10, before "Baker Dep."</li><li>Page 136 of expert report, paragraph 318, line 3, after "claim that" until line 4, before "Baldwin."</li><li>Page 136 of expert report, paragraph 319 in its entirety.</li><li>Page 164 of expert report, paragraph 379, line 1 until line 6, before "Each of."</li><li>Pages 165-166 of expert report, paragraph 381 in its entirety.</li><li>Page 174 of expert report, paragraph 394, line 1 after "references" through line 2.</li><li>Page 217 of expert report, paragraph 477, line 2, after "statements" until line 3, before "Specifically."</li><li>Page 217 of expert report, line 5, after "220, 248" until the end of the page.</li></ul> | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| • Pages 218-219 of expert report in their entirety.<br>• Page 220 of expert report, before paragraph 480.<br>• Page 222 of expert report, paragraph 484, line 6, after "data.')" until the end of the page (including footnote 59).<br>• Page 223, first two lines of the page.<br>• Page 223, paragraph 485, line 9, after "procedure" until line 12, before "All research."<br>• Pages 223-224, paragraph 486 in its entirety.<br>• Page 224, footnote 60, line 1 until line 12, before "I have."<br>• Appendix B, pages 1-8, columns 1-3 in their entirety.<br><br>Exhibit 23<br>• Page 50 of expert report, footnote 19, line 11, after | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party (or nonparty) in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| "exists" until the end of the footnote.<br><br>Exhibit 25<br>• Page 106 of condensed transcript, line 6, through line 17, page 109. | | | | | |